# EXHIBIT A

**Declaration of Chad Brueck**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY CERVANTES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CRST INTERNATIONAL, INC., CRST EXPEDITED, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:20-cv-10106-PBS<br><br>Honorable Judge Patti B. Saris |

## DECLARATION OF CHAD BRUECK

I, Chad Brueck, declare and state as follows:

1. I am the President of CRST Expedited, Inc. (CRST). I submit this declaration in support of Defendants' Motion to Transfer and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

2. This declaration is based on my personal knowledge and my review of records maintained by CRST over which I have responsibility. I have personal knowledge of the facts contained in this declaration based on my review of relevant records and, if called as a witness, I could and would testify competently as to the information contained herein.

3. CRST is a regulated, for-hire motor carrier authorized by the Federal Motor Carrier Safety Administration (FMCSA), an agency of the U.S. Department of Transportation (DOT), to provide trucking services to the shipping public nationwide.

4. CRST is incorporated and headquartered in Iowa. Its principal place of business is located at 1332 Edgewood Rd. SW, Cedar Rapids, IA 52406.

5. CRST manages its operations from its Cedar Rapids, Iowa, headquarters.

1

6. All legal functions for CRST operate out of Iowa.

7. CRST makes all of its policy decisions regarding contracting with independent contractor owner-operators, as well as hiring and employing company drivers out of its headquarters in Cedar Rapids, Iowa.

8. CRST contracts with third party independent contractor owner-operators who provide equipment and a DOT-qualified driver to operate the equipment. These owner-operators provide transportation services to facilitate the delivery of freight for CRST's customers throughout the country. The contract it uses to formalize its relationship with a given owner-operator is called an Independent Contractor Operating Agreement (ICOA).

9. All owner-operators go through an onboarding process during which they're qualified under the Federal Motor Carrier Safety Regulations to operate a truck in interstate commerce.

10. During the onboarding process, CRST allows each owner-operator time to review the ICOA and raise any questions the owner-operator may have with CRST prior to signing the agreement.

11. CRST administers the ICOAs and maintains its records regarding the ICOAs and owner-operators who sign ICOAs in Cedar Rapids, Iowa.

12. Once an owner-operator signs an ICOA and begins driving for CRST, he or she will drive throughout the country making interstate deliveries.

13. Owner-operators receive dispatches and route information from CRST's corporate headquarters in Cedar Rapids, Iowa.

14. CRST processes compensation for owner-operators from its Iowa headquarters.

15. All potential witnesses who could competently testify to the facts relating to the relationship between Plaintiffs and CRST are located in Iowa. CRST has not identified any potential witnesses located in Massachusetts.

16. CRST delivered compensation for services rendered in accordance with the ICOA to Plaintiffs by direct deposit to an electronic pay card issued and administered by Comdata, Inc., a company headquartered in Tennessee.

17. CRST has no physical locations, employees, or bank accounts in Massachusetts. It does not maintain any records in Massachusetts.

18. CRST is not registered to do business in Massachusetts.

19. Based on my review of CRST's records, Plaintiff Anthony Cervantes (Cervantes) attended an onboarding program with CRST at the beginning of January 2018 in Cedar Rapids, Iowa. Cervantes agreed to provide transportation services, including a truck and DOT-qualified driver, to CRST pursuant to the ICOA, which he executed in Cedar Rapids on January 3, 2018. A copy of Cervantes' January 3, 2018 ICOA is attached as *Exhibit 1*.

20. CRST's records indicate Cervantes terminated his initial ICOA on February 28, 2018. However, Cervantes returned to CRST again, executing a second ICOA on March 14, 2018. Cervantes executed this second ICOA remotely, which, based on CRST's records is believed to be in Humble, Texas. A copy of Cervantes' March 14, 2018 ICOA is attached as *Exhibit 2*. CRST's records reveal he provided services pursuant to this ICOA until he terminated that agreement in approximately August of 2019.

21. CRST's trip inquiry reports for Cervantes reveal that he made only one delivery in Massachusetts on March 22, 2018. After delivering that load, he deadheaded (meaning he drove

his truck without a loaded trailer) to New Jersey to pick up his next load. He never picked up a load in Massachusetts during the approximately 20 months he provided contractor services.

22. CRST's records show that on April 15, 2015, Plaintiff Adam St. Amour (Amour) executed an ICOA with CRST in Cedar Rapids, Iowa. A copy of that ICOA is attached as *Exhibit 3*. St. Amour provided transportation services to CRST pursuant to the ICOA through approximately December 2018.

23. CRST's trip inquiry reports for St. Amour reveal that between January 2017 and December 2018, he made one delivery in Massachusetts, on November 10, 2017. He also picked up two loads in Massachusetts—the first occurring in November 2017 after he dropped off his only delivery in Massachusetts, and the second on June 16, 2018.

24. The ICOAs executed by Plaintiffs contain the same provision specifying the forum for disputes arising from or in connection with the ICOA. The provision in Section 17 of each ICOA states as follows, in bold and capitalized text:

> **THE PARTIES FURTHER AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT, WHETHER UNDER FEDERAL, STATE, LOCAL OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING CEDAR RAPIDS, IA. THE PARTIES HEREBY CONSENT TO THE JURISDICTION AND VENUE OF THE STATE AND FEDERAL COURTS SERVING CEDAR RAPIDS, IA.**

25. During the three years prior to Plaintiffs' filing of this lawsuit, CRST reported the compensation paid to Cervantes and St. Amour on IRS Form 1099s which were mailed to their home addresses in Colorado and Florida, respectively.

26. CRST does not recruit owner-operators in Massachusetts.

27. CRST's records reveal than only 7 of its approximately 2,683 owner-operators who provided transportation services between January 17, 2017 and February 19, 2020 were Massachusetts residents.

28. I understand that 21 individuals have filed consent-to-sue forms in this putative collective action to date. CRST searched its records for these individuals and has no record of six of them ever providing services for CRST as owner-operators. CRST's records show that none of the other individuals who filed consent-to-sue forms to date were Massachusetts residents, and none primarily worked in Massachusetts.

29. Only a very small percentage of CRST's business involves the pick-up or delivery of loads in Massachusetts. Of the 439,118 loads moved for CRST's customers between 2017-2019, only 1,406 originated in Massachusetts, and only 2,461 were destined for Massachusetts. In other words, only 0.88% of CRST's loads have either an origin or destination in Massachusetts. These percentages are consistent with the very minimal number of miles CRST's fleet travels in Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th of April, 2020, at Cedar Rapids, Iowa.

_____
Chad Brueck

4844-3023-9923, v. 6