**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
ANTHONY CERVANTES and ADAM ST. )
AMOUR, on behalf of themselves )
and all others similarly situated, )
                               )
              Plaintiffs,      )
                               )   Civil Action
v.                             )   No. 20-10106-PBS
                               )
CRST INTERNATIONAL, INC., CRST )
EXPEDITED INC., and DOES 1     )
through 10,                    )
                               )
              Defendants.      )
_____)
```

**MEMORANDUM AND ORDER**

August 5, 2020

Saris, D.J.

**INTRODUCTION**

This collective action was brought by long-haul truck drivers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The named Plaintiffs, Anthony Cervantes and Adam St. Amour, are former employees of the Defendants, CRST International, Inc. and CRST Expedited, Inc. (collectively, "CRST"). They allege Defendants misclassified them as independent contractors, took unlawful deductions from their pay, and owe them wages.

On April 20, 2020, CRST filed motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure

1

12(b)(2), or to transfer venue to the Northern District of Iowa under 28 U.S.C. § 1404(a). In moving to transfer the case, the Defendants relied primarily on a forum selection clause found in the Plaintiffs' Independent Contractor Operating Agreement ("ICOA") that fixes venue in Cedar Rapids, Iowa. The Court finds the forum selection clause valid and enforceable and **ALLOWS** CRST's motion to transfer venue [Docket No. 38]. The motion to dismiss for lack of personal jurisdiction is **DENIED** as moot [Docket No. 36].

## FACTUAL BACKGROUND

The following facts are drawn from the Plaintiffs' First Amended Complaint and exhibits to the motion to transfer venue. They are uncontested.

Cervantes, a resident of Colorado, worked for CRST as an interstate truck driver from January 2018 to August 2019. During his employment, he drove and dropped off freight in Massachusetts at the direction of CRST. St. Amour, a resident of Florida, worked for CRST in the same capacity from 2014 to December 2018. He drove, dropped off, and picked up freight in Massachusetts at the direction of CRST.

Prior to beginning their terms of employment, Plaintiffs signed ICOA contracts with CRST. Plaintiffs' services for Defendants under the ICOA are the subject of the parties'

misclassification dispute. These contracts included a forum selection clause that provides:

> THE PARTIES FURTHER AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT . . . SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING CEDAR RAPIDS, IA. THE PARTIES HEREBY CONSENT TO THE JURISDICTION AND VENUE OF THE STATE AND FEDERAL COURTS SERVING CEDAR RAPIDS, IA.

Dkt. 39-2 at 23.

## MOTION TO TRANSFER VENUE

### I. Legal Standard

Motions to transfer venue based on a forum selection clause are governed by 29 U.S.C. § 1404(a). Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 52 (2013). A court may transfer actions brought in a proper venue to any other district in which the case could have been brought "for the convenience of parties and witnesses, in the interest of justice" under Section 1404(a).

"A forum selection clause is 'prima facie valid' and, absent a 'strong showing' by the resisting party that the clause is '"unreasonable" under the circumstances,' it should not be set aside." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 48 (1st Cir. 2014) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972)). An enforceable and applicable forum selection clause alters the court's analysis of the motion to transfer venue in two important ways.

3

Atl. Marine, 571 U.S. at 63. First, "the plaintiff's choice of forum merits no weight" in the analysis, and "the plaintiff bears the burden of establishing that transfer . . . is unwarranted." Id. Second, the Court "should not consider arguments about the parties' private interests[,]" but it may consider public interests. Id. at 64.

The First Circuit has relied on Bremen to outline four grounds for finding a forum selection clause unenforceable by the court: (1) the clause resulted from "fraud or overreaching"; (2) "enforcement would be unreasonable and unjust"; (3) "proceedings in the contractual forum will be so gravely difficult and inconvenient" that the party challenging the forum selection clause "will for all practical purposes be deprived of his day in court"; or (4) "enforcement would contravene a strong public policy of the forum in which suit is brought." Claudio-De Leon, 775 F.3d at 48-49.

## II. Analysis

Plaintiffs contend that the forum selection clause does not encompass their FLSA claims. They argue that FLSA claims are based on "the economic reality of the relationship between the parties" and so do not "aris[e] from or in connection with" their employment agreement with CRST. See Chebotnikov v. LimoLink, Inc., 150 F. Supp. 3d 128, 131 (D. Mass. 2015) (holding FLSA claims did not "arise from" an employment

agreement because "disputes 'arising under,' 'arising out of,' or 'arising from' the terms of an agreement must have their inception in the agreement itself").

The First Circuit has held in the context of forum selection clauses that the phrase "in connection with" is broader in scope than the term "arising out of." Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22 (1st Cir. 2011). Instead, "in connection with," among other synonymous phrases, "mean[s] simply 'connected by reason of an established or discoverable relation.'" Id.; see also Kebb Mgmt., Inc. v. Home Depot U.S.A., Inc., 59 F. Supp. 3d 283, 289 (D. Mass. 2014) (enforcing forum selection clause that covered any disputes "relating to" or "in connection with" the parties' agreement where "[t]he dispute between the parties would not have occurred but for the [agreement]").

Plaintiffs rely on Lease America.Org, Inc. v. Rowe Int'l Corp., 94 F. Supp. 3d 85, 92 (D. Mass. 2015), where the court held that claims based on "independent statutory rights" were "not controlled by [a] forum selection clause" that governed claims "relating to" the parties' agreement. Plaintiffs argue that the First Circuit equates "relating to" and "in connection with," so the Plaintiffs' "independent statutory" FLSA claims are not governed by their agreement's forum selection clause. See Huffington, 637 F.3d at 22 ("[C]ourts describe the phrase

5

'with respect to' as synonymous with the phrases 'with reference to,' '<u>relating to</u>,' '<u>in connection with</u>,' and 'associated with.'"(emphasis added)). Plaintiffs' reliance on <u>Lease America</u> is misplaced because that court determined that "resolution of Lease America's [statutory] claims will necessarily rely on interpretation of the [employment] agreements," and "[t]herefore, those claims are within the broad scope of the forum selection clause." 94 F. Supp. 3d at 92.

The "in connection with" language in the forum selection clause here is similarly broad in scope. Even if Plaintiffs' FLSA claims do not "arise from" their employment agreement with CRST, the claims are "connected" to the agreement "by reason of an established or discoverable relation." <u>See</u> <u>Huffington</u>, 637 F.3d at 22.

Plaintiffs argue that the forum selection clause should be interpreted narrowly because the clause is part of an adhesion contract with ambiguous language. The ICOA is a contract of adhesion because it was "drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to a weaker party who has no real opportunity to bargain about its terms." Restatement (Second) of Conflict of Laws § 187 cmt. b (1971). Adhesion contracts are "enforceable unless they are unconscionable, offend public policy, or are shown to be unfair in the particular circumstances." <u>Chase Commercial Corp. v.</u>

6

Owen, 588 N.E.2d 705, 708 (Mass. App. Ct. 1992). There is no evidence that the present adhesion contract is unenforceable on these grounds.

Plaintiffs urge that even if the forum selection clause is otherwise valid, it should be read narrowly to exclude the present action because Plaintiffs lacked bargaining power to negotiate the terms of the agreement, which were laid out in an allegedly ambiguous, 50-plus-page contract. Plaintiffs point to the long-established rule in contract law that ambiguities in contracts are construed against the drafter. See Kolbe v. BAC Home Loans Servicing, LP, 738 F.3d 432, 460 (1st Cir. 2013). However, "[i]f the wording of [an] [adhesion] contract is explicit and its language is clear, its terms and conditions are binding on the parties." Nieves v. Intercontinental Life Ins. Co. of P.R., 964 F.2d 60, 63 (1st Cir. 1992). As explained above, the broadly worded forum selection clause here is unambiguously applicable to the FLSA action brought by the Plaintiffs. It is therefore reasonable to enforce the parties' choice of venue.

Finally, Plaintiffs argue that the parties had ceased an economic relationship by the time this action was brought because their employment contracts were over, and therefore the forum selection clause was no longer enforceable. However, courts have held that forum selection clauses "can survive

termination of the agreement where they are broadly written to apply to 'any legal dispute' and the dispute involves facts and occurrences that arose before expiration of the contract." Cottman Ave. PRP Grp. v. AMEC Foster Wheeler Envtl. Infrastructure Inc., 439 F. Supp. 3d 407, 435 (E.D. Pa. 2020); see also 13 Corbin on Contracts § 67.2, at 12 (rev. ed. 2003) ("Although termination and cancellation of an agreement extinguish future obligations of both parties to the agreement, neither termination nor cancellation affect those terms that relate to the settlement of disputes or choice of law or forum selection clauses.").

The forum selection clause is valid and covers the Plaintiffs' FLSA claims. Faced with an enforceable forum selection clause, a court may still "consider arguments about public-interest factors." Atl. Marine, 571 U.S. at 63. However, such factors "rarely defeat a transfer motion" pursuant to a forum selection clause. Id. Plaintiffs have pointed to no strong public countervailing public interest factors, so the Court concludes the forum selection clause controls.

## ORDER

For the reasons above, CRST's motion to transfer venue [Docket No. 38] is **ALLOWED** and the case will be transferred to the Northern District of Iowa. CRST's motion to dismiss for lack of personal jurisdiction [Docket No. 36] is **DENIED AS MOOT**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge